IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANSELL HEALTHCARE PRODUCTS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 06-527 JJF |
| | : |
| TILLOTSON CORP., | : |
| | : |
| Defendant. | : |
| | : |

## MEMORANDUM ORDER

Pending before the Court is the Motion for Enforcement of the Parties' Protective Order filed by Defendant Tillotson Corp. ("Tillotson"). (D.I. 121.)

On November 14, 2007, the Court granted Plaintiff's unopposed Motion to Stay pursuant to 28 U.S.C. § 1659(a), staying this action until a final determination by the United States International Trade Commission ("ITC"). (D.I. 119.)

By its motion, Tillotson requests the Court to lift the stay for the limited purpose of enforcing the protective order entered in this case prior to the stay (D.I. 65). Tillotson contends that Plaintiff Ansell Healthcare Products ("Ansell") has violated the protective order by wrongly refusing to return inadvertently produced privileged documents and by using the privileged documents in the ITC proceeding.

In response, Ansell contends the Court lacks authority to resolve the protective order issue and that lifting the stay

would allow the two-front litigation that 28 U.S.C. § 1659(a) was enacted to prevent.

After considering the parties' papers, the Court concludes that it lacks the authority, during the time a § 1659 stay is in effect, to consider the alleged conduct of counsel which violated an order of this Court.  The Federal Circuit in *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007) stated that "[t]he purpose of § 1659 is to prevent separate proceedings on the same issues occurring at the same time."  The Court questions whether the "same issues" principle encompasses a possible violation of an order of this Court, and whether the underlying issues of privilege can be addressed by the ITC administrative law judge. However, there will be opportunity for the Court to address the alleged protective order violation after the conclusion of the ITC proceeding.

NOW THEREFORE, IT IS HEREBY ORDERED that Tillotson's Motion for Enforcement (D.I. 121) is **DENIED**.

February 26, 2008

Joseph J. Farnan Jr.
UNITED STATES DISTRICT JUDGE